FILED
United States Court of Appeals
Tenth Circuit

June 15, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

LAGRITA CHILES,

      Plaintiff-Appellant,

v.

OKLAHOMA DEPARTMENT OF
CORRECTIONS; JUSTIN JONES;
STORMY WILSON; STEVE
MONTGOMERY,

      Defendants-Appellees.

No. 11-7066
(D.C. No. 6:11-CV-00049-RAW)
(E.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **TYMKOVICH**, **BALDOCK**, and **GORSUCH**, Circuit Judges.

Plaintiff Lagrita Chiles appeals the dismissal of her 42 U.S.C. § 1983 civil

rights claim against Justin Jones, the Director of the Oklahoma Department of

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Corrections (ODOC) in his individual capacity.[1] The district court dismissed the complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Ms. Chiles brought suit as the special administrator of the estate of Jerry West, an inmate at the Muskogee Community Work Center, which is under the control of the ODOC. She alleged in her complaint that Mr. West's treating physician had provided written notice to ODOC that Mr. West needed to be provided with a bottom bunk for sleeping. One night in November 2009, an employee at the Work Center ordered Mr. West to sleep in a top bunk. That night, Mr. West fell from the top bunk and died several days later from the head trauma he suffered in the fall.

Ms. Chiles alleged in her complaint that Mr. Jones violated the Eighth and Fourteenth Amendments and "such other constitutional [rights] as may be applicable"; that all of the defendants "acted with deliberate indifference to [Mr. West's] needs and welfare," including his "medical needs and general welfare." Aplt. App. at 12. In response to the Rule 12(b)(6) motion to dismiss on qualified immunity grounds, Ms. Chiles argued that Mr. West has a constitutional "right to have the medical restrictions provided by his doctor to Defendant

---

[1] Ms. Chiles also brought claims against the ODOC and Mr. Jones in his official capacity, but she does not appeal the district court's dismissal of those claims as barred by the Eleventh Amendment. Aplt. Br. at 1-2; Reply Br. at 2. Nor does she appeal the dismissal of her state law negligence claim for failure to comply with the jurisdictional requirements of the Oklahoma Governmental Torts Claim Act. Two other named individual defendants were never served.

- 2 -

Jones . . . honored," but she did not articulate any relevant court decisions suggesting that this was a clearly established constitutional right. *Id*. at 27-29. *See Scott v. Harris*, 550 U.S. 372, 377 (2007) (holding that public officials are entitled to qualified immunity unless the plaintiff demonstrates that there is "a violation of a constitutional right" and that right is "clearly established . . . in light of the specific context of the case" (internal quotation marks omitted)). The district court ruled that Mr. Jones was entitled to qualified immunity because neither Ms. Chiles's complaint nor the court's own review of Supreme Court, Tenth Circuit or clear weight of authority from other courts revealed this to be a clearly established right. *See Robbins v. Okla.*, 519 F.3d 1242, 1249 (10th Cir. 2008) (holding that to avoid dismissal based on qualified immunity, the "plaintiffs must allege facts sufficient to show (assuming they are true) that the defendants plausibly violated their constitutional rights, and that those rights were clearly established at the time.").

We review "*de novo* the district court's decision on a motion to dismiss under [Rule] 12(b)(6) based on qualified immunity." *Denver Justice & Peace Comm., Inc. v. City of Golden*, 405 F.3d 923, 927 (10th Cir. 2005). Applying this standard and upon careful consideration of the parties' appellate briefs, the district court record, and relevant case law, we conclude the district court judge appropriately granted Mr. Jones's motion to dismiss.

Accordingly, we AFFIRM for substantially the same reasons set forth in the district court's Order of May 16, 2011. *See* Aplt. App. at 46-47.

Entered for the Court


Timothy M. Tymkovich
Circuit Judge